No. 18,879.

A. W. BURRESS *v.* PEOPLE OF THE STATE OF COLORADO.

(338 P. [2d] 1030)

Decided May 4, 1959.   Rehearing denied May 25, 1959.

Messrs. STONE & BLOOD, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error was defendant in a criminal prosecution for issuing and uttering a "no account check." He entered a plea of not guilty. Trial to a jury resulted in a verdict of guilty and after a motion for new trial was denied, defendant was sentenced. He brings the case here on writ of error. We shall refer to plaintiff in error as defendant, the position he occupied in the trial court.

It is manifest from the record that at about 8:30 P.M. on November 11, 1957, defendant cashed a check in the amount of $50.00 at Millers Super Market No. 28. This check was returned by the bank on which it was drawn marked "no account." That the maker of this check, A. W. Burress, had no account in the bank was amply proven. The check (Exhibit A) forming the basis of the prosecution was admitted in evidence without objection on the part of defendant. It also appears that on or about the same day and prior to the cashing of Exhibit "A" defendant cashed several other checks each of which was returned by the bank on which drawn, marked "no account." These checks were cashed at different supermarkets in Denver, and were introduced in evidence without objection on the part of defendant's counsel. The purpose of the testimony admitted with respect to the several other checks was to show plan, scheme, in-

tent, design, etc., and by a proper instruction to the jury, its purpose was so limited.

Counsel for defendant here did not represent him in the trial court. It may be significant at this point to quote from the remarks of the learned trial judge when passing on the defendant's motion for a new trial, as follows: "All of the matters and things which you have urged were covered by the instructions to the jury; the alibi was submitted to the jury under proper instructions, and the precaution that the defendant could not be tried or convicted of any offense other than that charged in the information. And, in the court's opinion, the evidence sustained the verdict of guilty, and if it had been tried to the Court, the Court would have no other recourse than to have rendered the same verdict. * * * but the evidence was overwhelming, in the Court's opinion and the motions will be denied for that reason."

Defendant, through his present counsel, has filed with this court a number of affidavits concerning alleged improper remarks made by the prosecuting attorney in closing arguments to the jury. From several of these affidavits it appears that the remarks were made in answer to statements by defendant's counsel in his closing argument. The trial court directed the jury orally and by written instructions that arguments of counsel are not to be considered as evidence by the jury. The trial court admonished the jury to disregard the statement of the prosecuting attorney that there was a motive for defendant passing the check, which the court ruled could not be introduced in evidence. While such retaliatory statements are not to be condoned, they do not generally afford grounds for reversal. *Kelly v. People,* 121 Colo. 243, 215 P. (2d) 336; *Harris v. People,* 113 Colo. 511, 160 P. (2d) 372.

We conclude that no prejudicial error resulted from the comments of the deputy district attorney and the court's ruling thereon.

The trial court was careful to protect the rights of

defendant, and adequately instructed the jury with reference to the other checks, introduced without objection, to show plan, scheme, or design.

A wide latitude was permitted defendant to establish his defense of alibi. His contention being that his wallet had been stolen and his driver's license used by someone other than himself as identification when the several checks were cashed. There was, however, substantial evidence presented by the people identifying defendant as the person who presented and cashed the checks and a handwriting expert testified that the several checks were in his handwriting.

We have carefully examined the entire record and conclude with the trial court "the evidence sustained the verdict of guilty." Under the circumstances the verdict is binding upon this court, and the judgment is accordingly affirmed.

MR. JUSTICE SUTTON not participating.